UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>WYMA VANESSA HODGES<br><br>    Defendant. | Case No. CR02-258-JCC<br><br>SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO ALLEGED VIOLATIONS OF SUPERVISED RELEASE |

An evidentiary hearing on a petition for violation of supervised release in this case was scheduled before the undersigned Magistrate Judge on February 13, 2008. The United States was represented by Assistant United States Attorney Helen Brunner, and the defendant by Mr. William Hines. The proceedings were digitally recorded.

The defendant had been charged and convicted of Bank Fraud in violation of 18 U.S.C. § 1344, and on or about February 28, 2003, was sentenced by the Honorable John C. Coughenour to four (4) months in custody with credit for time served, to be followed by four (4) years of supervised release. On March 13, 2007, the conditions of supervision were modified to ninety (90) days home confinement with electronic monitoring, and one (1) additional year supervised release.

The conditions of supervised release included the requirements that the defendant comply with all local, state, and federal laws, and with the standard conditions. Special conditions imposed included, but were not limited to, participation in a substance abuse

SUMMARY REPORT OF U.S. MAGISTRATE
JUDGE AS TO ALLEGED VIOLATIONS
OF SUPERVISED RELEASE
PAGE 1

program, financial disclosure, restitution of $4,725, mental health and serve two months at a community corrections center; submit to search, no new credit, and no possession of any identification in any other person's name.

In Petitions for Warrant or Summons dated December 19, 2007 and January 14, 2008, respectively, U.S. Probation Officer Jonathan M. Ishii alleged the following violations by defendant of the conditions of her supervised release:

(1) Failing to participate in the home confinement program with electronic monitoring, since October 12, 2007, in violation of the special condition to participate in the program for a period of 90 days.

(2) Committing the crime of theft, on or about July 11, 2007, in violation of the general condition not to commit another federal, state, or local crime.

On January 28, 2008, defendant made her initial appearance and was advised of the allegations and of her rights. An evidentiary hearing was scheduled for February 6, 2008.

On February 6, 2008, an evidentiary hearing was held and defendant was advised of the allegations and of her rights. The defendant admitted violation No. 1 and the hearing on violation No. 2 was scheduled for February 13, 2008.

On February 13, 2008, an evidentiary hearing was held. The government and defense counsel advised the Court of ongoing discussions with King County as to alleged violation No. 2. The Court continued the evidentiary hearing on violation No. 2 to April 21, 2008 at 11:00 a.m.

I therefore recommend that the Court find the defendant to have violated the terms and conditions of her supervised release as to violation No. 1, and that the Court conduct a hearing limited to disposition after determination of violation No. 2. A disposition hearing for violation No. 1 has not yet has been set. An evidentiary hearing on violation No. 2 is scheduled for April 21, 2008.

Pending a final determination by the Court, the defendant has been detained.

DATED this 14th day of February, 2008.

     *James P. Donohue*
     _____
     JAMES P. DONOHUE
     United States Magistrate Judge

cc:  District Judge:          Honorable John C. Coughenour
     AUSA:                    Ms. Helen Brunner
     Defendant's attorney:    Mr. William Hines
     Probation officer:       Mr. Jonathan Ishii

SUMMARY REPORT OF U.S. MAGISTRATE
JUDGE AS TO ALLEGED VIOLATIONS
OF SUPERVISED RELEASE
PAGE 3